Bolivar URRUTIA–MADURA; Marta Maria Urrutia; Heinar Urrutia–Penalba; Derek Azel Urrutia–Penalba; Dides Mariel Urrutia–Penalba, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 00–70387.

I & NS Nos. A29–241–248 A29–241–249 A29–241–250 A29–241–251 A29–241–252.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2001.

Decided Nov. 2, 2001.

Before REINHARDT, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM *

The evidence submitted by the Petitioners does not rise to the level necessary to compel a finding of persecution by any rational fact-finder. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The BIA con-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cluded that the petitioners failed to present evidence sufficient to establish, without doubt, that they experienced past persecution. Given our standard of review, we are not free to overturn that conclusion. While certainly unpleasant, the Urrutia family's experience was not one of physical assault; moreover, their property was never destroyed nor were their business licenses revoked. The threatening phone calls made in this case do not, standing alone, present evidence that compels a finding of past persecution.

■ The Urrutias also failed to substantiate a fear of future persecution. Their membership in the "Civilian Crusade," an organization opposed to Panama's military government, is, standing alone, insufficient to demonstrate an objective basis for fear of persecution. General Noriega is now in prison for his drug crimes and his supporters no longer wield power in Panama; indeed, members of the Civilian Crusade now occupy positions of authority in the government. The 1994 State Department Report that the Urrutias introduced to the BIA does not indicate current persecution in Panama on the grounds of political belief. Although Panama is a poor nation and its judiciary is not as independent as one might hope, there is no evidence that, if the Urrutias returned, they would be persecuted now on account of their membership in the Civilian Crusade.

■ Finally, the BIA's decision to deny the Petitioners's motion to reopen was within its proper discretion. The service of deportation papers two years after Petitioners entered the United States thwarts their claim of seven years continuous residency as a basis for discretionary relief eligibility. Nor is there any support for their claim that the length of their deportation proceedings somehow creates eligibility for relief under a new seven-year period, starting after the termination of the first period. Such a reading would also undermine the purpose of the statute, which provides for the termination of a period of continuous physical presence, not for the initiation of a new one.

PETITION DENIED.